[Civ. No. 3576.   Second Appellate District, Division Two.—December 21, 1921.]

## C. L. EDWARDS, Respondent, v. JOHN FLOYD WILSON, etc., Appellant.

[1] APPEAL — JUDGMENT — INSUFFICIENCY OF EVIDENCE — RECORD.— Where on appeal from a judgment the bill of exceptions makes no specification of error or of insufficiency of the evidence to support the findings, the court will not consider such matters.

[2] ID.—SUFFICIENCY OF FINDINGS.—The sufficiency of the evidence to support the findings may be determined by an examination of the judgment-roll.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph Musgrove for Appellant.

Arnold Praeger and William A. Sumner for Respondent.

CRAIG, J.—[1] The greater part of the appellant's brief is devoted to a consideration of the evidence and an attempt to point out wherein the evidence is insufficient to sustain the findings. As the bill of exceptions makes no specifications of error or of insufficiency of the evidence to support the findings, the record will not permit this court to consider these matters.

[2] The third ground urged is that the findings do not support the judgment. This, of course, may be determined by an examination of the judgment-roll. Appellant has pointed out but one particular in which it is claimed that reversible error was committed as shown by the judgment-roll alone. Finding I, in referring to the status of the ownership of the property to be exchanged by Nelson, used this language: "A certain other piece of real estate. . . . Being purchased by and to be owned by defendant John F. Nelson." It is asserted that this is inconsistent with that part of the judgment which directs that the acceptance be reformed to read: "This agreement witnesseth: *That John F. Nelson is the owner of the second piece of property, etc.*" To recite in the judgment and "have the legal effect of the words." The acceptance thus worded represented that Nelson owned the property. This went beyond the contract providing for the payment of a commission on procuring the acceptance by John F. Nelson to trade the property "*Being purchased by and to be owned by defendant John F. Nelson.*" Nothing in the judgment-roll shows that Nelson did not own the property. If he did appellant was not prejudiced by the fact that the contract between the real estate agent and defendant recited that it was only then being purchased by him.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.